UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DAVEN DECARLO TURNER, | ) | |
| No. 237292, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:16-cv-02595 |
| | ) | Judge Trauger |
| v. | ) | |
| | ) | |
| DARRON HALL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**M E M O R A N D U M**

Daven Decarlo Turner, an inmate of the Davidson County Sheriff's Office in Nashville, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983, against Darron Hall, Elizabeth Foy, Granvisse L. Earl, Austin Bodie, Kita Haynes, and Seth Norman, alleging a violation of his civil rights. (Docket No. 1). The plaintiff seeks injunctive relief, damages, and release from incarceration. (*Id.* at p. 8).

The plaintiff's complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.     PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id*. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* §

1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.     Section 1983 Standard

The plaintiff brings his complaint pursuant to 42 U.S.C. § 1983.    Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983,

2

a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

### III. Alleged Facts

The complaint alleges that, on May 19, 2016, the plaintiff was booked into the Davidson County Criminal Justice Center during which time his name was entered into the jail management system as "DAVEN D. TURNER." The plaintiff expressed his disapproval for entering his name into the computer system in all capital letters. He believes that having his name in all capital letters "indicat[es] that the NAME pertains to a corporation, an artificial person." (Docket No. 1 at p. 6). He claims that the defendants, by refusing to enter the plaintiff's name into the jail management system in lower case letters, violated his civil rights because a corporation has fewer rights than a human being. (*Id*. at p. 7).

### IV. Analysis

A review of the court's records shows that, on June 17, 2016, the plaintiff filed a federal civil rights action against f/n/u Gearl, Kita Haynes, District Attorney of Judge Normans [sic] Criminal Court, Criminal Justice Center Administration, Darron Hall, Granvisse L. Earl, Austin Bodie, and Elizabeth Foy alleging essentially the same facts as those raised in the instant complaint. *See Daven Decarlo Turner v. f/n/u Gearl, et al.*, No. 3:16-cv-01442 (M.D. Tenn. 2016)(Sharp, J.). On July 21, 2016, the Honorable Chief Judge Kevin H. Sharp dismissed that action for failure to state claims upon which relief can be granted as to all defendants. (*Id.*, Doc. Nos. 7 and 8).

The broad doctrine of *res judicata* encompasses both claim preclusion (*res judicata*) and issue preclusion (collateral estoppel). *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir.

3

1996). Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated, as well as every theory of recovery that could have been presented. *Id.* Under issue preclusion, once an issue actually is determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action when used against any party to the prior litigation. *Montana v. United States*, 440 U.S. 147, 152-54 (1979). Dismissal with prejudice is considered a final judgment on the merits for purposes of *res judicata*. *See Haddad v. Mich. Nat'l Corp.*, 34 Fed. Appx. 217, 218 (6th Cir. 2002)(citing *Matter of W. Tex. Mktg. Corp.*, 12 F.3d 487, 501 (5th Cir. 1994)).

After reviewing the plaintiff's instant complaint, it appears that he has restated the same or similar allegations stemming from his May 19, 2016 booking into the Davidson County Criminal Justice Center. The court already has rendered a final decision on the merits regarding the plaintiff's claims concerning the entering of his name into the jail management system in all capital letters as to defendants Darron Hall, Elizabeth Foy, Granvisse L. Earl, Austin Bodie, and Kita Haynes. As a result, the plaintiff's instant claims are barred by the doctrine of *res judicata*. Additionally, all theories of recovery related to the plaintiff's booking on May 19, 2016, that could have been presented to the court in the plaintiff's prior lawsuit are barred by the doctrine of *res judicata*.

V.     **Conclusion**

For these reasons, the court finds that the plaintiff's complaint fails the PLRA initial screening. 28 U.S.C. § 1915A. The plaintiff's claims are barred by the doctrine of *res judicata.* In the absence of an actionable claim, the court is obliged to dismiss the complaint *sua sponte.* 28 U.S.C. § 1915(e)(2). Accordingly, the plaintiff's complaint will be dismissed with prejudice.

4

An appropriate Order will be entered.

_____
Aleta A. Trauger
United States District Judge